UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**BP PRODUCTS NORTH AMERICA INC.,**

                Plaintiff,         Case No. 1:20-CV-09659-VSB

v.                                         **CONFIDENTIALITY**
                                                **STIPULATION AND ORDER**

**WESTWARD SERVICE STATION INC.,**
**BLUE HILLS FUELS, LLC, and**
**PMG NORTHEAST, LLC,**

                Defendants.

---

Plaintiff BP Products North America Inc. and Defendants Westward Service Station Inc., Blue Hills Fuels, LLC and PMG Northeast, LLC, by and through their respective counsel, hereby stipulate to entry of the below Joint [Proposed] Stipulated Protective Order for entry in this case.

## PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

1.1    Discovery in this Proceeding is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court enters the following Protective Order.

1.2    This Protective Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.3    As set forth in Section 10.3, below, this Protective Order does not entitle the parties to file confidential information under seal; United Stated District Judge Vernon S. Broderick's Individual Rules & Practices 5(B) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **GOOD CAUSE STATEMENT**

2.1 There is a good cause for the entry of a protective order in this case. The Parties anticipate producing to one another during discovery highly confidential and proprietary business documents, which could include potentially trade secret information and including documents discussing or detailing sensitive and confidential research, development, and commercial information about their operations and/or finances. Such documents could specifically include, but may not be limited to, marketing strategies, profitability statistics, analysis of business operations, non-public financial performance data, personally identifying information such as social security numbers, commercial contractual agreements, loan documentation, and non-public, confidential electronic communications.

2.2  This information is otherwise generally unavailable to the public, may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, and the Parties would be damaged if this information was disseminated publically. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

2.3  The Parties may not designate information or materials as confidential for tactical reasons, and nothing may be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **DEFINITIONS**

3.1 In this Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding case number 1:20-CV-09659-VSB.

b. "Professional Vendor(s)" means a person(s) or entity(ies) that provides litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations,

and organizing, storing, or retrieving data in any form or medium) and its employees and subcontractors.

c. "Court" means the United States District Vernon S. Broderick, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

d. "Confidential" means any non-public information which belongs to a Designating Party who believes in good faith that it is entitled to confidential treatment under applicable law.

e. "Highly Confidential" means any non-public, Confidential information which belongs to a Designating Party who believes in good faith that the Disclosure of such information would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

f. "Confidential Materials" means any Documents, Testimony or Information designated as "Confidential" pursuant to the provisions of this Protective Order.

g. "Highly Confidential Materials" means any Documents, Testimony or Information designated as "Highly Confidential" pursuant to the provisions of this Protective Order.

h. "Protected Material" means any Documents, Testimony or Information designated as "Confidential" or "Highly Confidential" pursuant to the provisions of this Protective Order.

i. "Designating Party" means the Party that designates Materials as "Highly Confidential" or "Confidential."

j. "Receiving Party" means a Party that receives Disclosure of Protected Material from a Designating Party.

k. "Challenging Party" means a Party or non-Party that challenges the designation of information or items under this Protective Order.

l. "Disclose" or Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof, or any information contained therein.

m. "Documents" means (i) any "Writing," "Recording," "Photograph," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence Section 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

n. "Information" means the content of Documents or Testimony.

o. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

4. **SCOPE AND DURATION**

4.1     The protections conferred by this Protective Order cover not only Confidential Materials or Highly Confidential Materials (as defined above), but also (1) any information copied or extracted from Confidential Materials or Highly Confidential Materials; (2) all copies, excerpts, summaries, or compilations of Confidential Materials or Highly Confidential Materials; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Materials or Highly Confidential Materials.

4.2     Any use of Confidential Materials or Highly Confidential Materials at trial shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Confidential Materials or Highly Confidential Materials at trial.

4.3     If this case proceeds to trial, all of the court-filed information to be introduced that was previously designated as Confidential or Highly Confidential or maintained pursuant to this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5. **DESIGNATING CONFIDENTIAL MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-Party that designates information or items for protection must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   5.2  <u>Categories of Protected Materials</u>.

The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

The types of Documents, Testimony, or Information that may qualify as Confidential Materials or Highly Confidential Materials pursuant to this Protective Order may include (i) Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data (including but not limited to tax returns, balance sheets, and profit and loss statements), projected sales data, production data, business strategy, matters relating to mergers and acquisitions, and pricing data; (ii) Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records; (iii) Medical and Legal Records, including medical files and reports; and (iv) non-public criminal history.

The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

   5.3 <u>Manner and Timing of Designations</u>.

Any Documents, Testimony or Information to be designated as "Highly Confidential" or

"Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The Parties may agree that the case name and number are to be part of the "Highly Confidential" or "Confidential" designation. The "Highly Confidential" and "Confidential" designations should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Highly Confidential" on each page of any Document containing such designated Highly Confidential Material.

    b. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    c. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Highly Confidential" and/or "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Highly Confidential" and/or "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Highly Confidential" and/or "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Highly Confidential" and/or "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Highly Confidential" or "Confidential," as instructed by the Designating Party.

    d. For Information produced in some form other than Documents, and for any other

tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Highly Confidential" and/or "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Highly Confidential" and "Confidential" portions.

      5.4 <u>Inadvertent Production of Confidential Materials</u>.

The inadvertent production by any of the Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Highly Confidential" or "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Highly Confidential" or "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Highly Confidential" and/or "Confidential" designated Materials. Should the Receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the Receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

5.5 <u>Inadvertent Production of Privileged Materials</u>.

The inadvertent production by any of the Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding that is subject to a claim of privilege or other protection, the Producing Party shall notify the Receiving Party in writing within a reasonable time after discovering the production, and the Receiving Party shall promptly return, destroy or sequester the document and all copies of it. The Receiving Party must not use or disclose the information until the claim is resolved. The Receiving Party must take reasonable steps to retrieve the information if the party disclosed it before being notified. The parties will promptly meet and confer as to how to handle the original production containing the privileged document, i.e., whether the original production may be maintained with the privileged document or whether the Producing Party will provide a replacement production with a slipsheet inserted where the privileged document was located. Thereafter, the Producing Party claiming privilege must furnish information to the Receiving Party supporting its claim of privilege and must preserve the document. If any dispute remains, the Receiving Party must promptly present the information to the Arbitrator under seal for a determination of the claim.

The inadvertent production of privileged or work-product protected documents is not a waiver of the privilege or protection from discovery in this Proceeding or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). However, nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or information (including metadata), for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing herein shall limit the parties from arguing that the document is not in fact privileged. Rather, this paragraph is intended only to prohibit a party from arguing that the document has lost its privilege due to inadvertent production.

5.6 <u>Unauthorized Disclosure of Protected Material.</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

      6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      6.1    Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

      6.2    Meet and Confer.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq. and the Court's Individual Rules & Practices for Civil Cases. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3 and the Court's Individual Rules & Practices for Civil Cases.

      6.3    Burden.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

      7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

      7.2    Access to and/or Disclosure of Highly Confidential Materials designated as "Highly Confidential" shall be permitted only to the following persons:

      a.    Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and

clerical employees and contractors, and outside copying services and/or Professional Vendors, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order;

b.   In-house counsel to the Parties and the paralegal employed by such counsel. Provided, however, that each non-lawyer given access to Highly Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

c.   Outside experts or expert consultants consulted (and their support staff) by the Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Highly Confidential Materials. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

d.   Mock jury participants, provided, however, that prior to the Disclosure of Highly Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

e.   Any person who authored, received, saw or was otherwise familiar with a document

or thing marked "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

f.    Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding); and

g.    The Court.

7.3 Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a.    The Court;

b.    Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services and/or Professional Vendors, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys;

c.    In-house counsel to the Parties and the paralegal employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

d.    Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

e.    Court reporters in this Proceeding (whether at depositions, hearings, or any other

proceeding);

f.     Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

g.     Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

h.     Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

i.     Outside experts or expert consultants consulted by the Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

j.     Any other person that the Designating Party agrees to in writing.

7.4     Highly Confidential and Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of,

and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever. Access to and/or Disclosure of Highly Confidential Materials designated as "Highly Confidential" or Confidential Materials designated "Confidential" shall not be permitted to anybody (including but not limited, to any BPPNA franchisees not parties to the Proceedings and/or counsel for any BPPNA franchisees not parties to the Proceedings) other than those persons specified above unless otherwise specified in a court order permitting such disclosure.

8. **RELIEF FROM THE PROTECTIVE ORDER**

8.1 Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

9. **EFFECT OF THE PROTECTIVE ORDER**

9.1 Compliance with the terms of this Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Highly Confidential" or "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

   i. to seek a determination by the Court of whether any particular Highly Confidential or Confidential Material should be subject to protection as "Highly Confidential" or "Confidential" under the terms of this Protective Order; or

   ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

9.2 Any Information that may be produced by a non-Party witness in discovery in the

Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Highly Confidential" of "Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the Parties. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

9.3     If any person subject to this Protective Order who has custody of any Highly Confidential or Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Highly Confidential and/or Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Highly Confidential and/or Confidential Materials, and/or seek to obtain confidential treatment of such Highly Confidential and/or Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

9.4     Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Highly Confidential or Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

9.5     If, after entry of this Protective Order, any Highly Confidential and/or Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Highly Confidential and/or Confidential Materials to the immediate attention of the Designating Party.

9.6   This Protective Order is entered without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Highly Confidential and/or Confidential Materials designated by that Party. If the Designating Party uses Highly Confidential or Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

9.7   Nothing in this Protective Order shall affect the admissibility into evidence of Highly Confidential or Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

10. **MISCELLANEOUS**

10.1   Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

10.2   No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3   A Party that seeks to file under seal any Protected Material must comply with United Stated District Judge Vernon S. Broderick's Individual Rules & Practices 5(B). Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

10.4   Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Highly Confidential and Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b)

agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Highly Confidential and Confidential Materials, or (c) as to any Documents, Testimony of other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials, with such motion strictly complying with the procedures set forth in Local Rules 37-1, 37-2 and 37-3 and the Court's Individual Rules & Practices for Civil Cases. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

     10.5    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

     10.6    Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

October 26, 2021    SO ORDERED:

*Vernon Broderick*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

I. EXHIBIT A

## CERTIFICATION RE: HIGHLY CONFIDENTIAL AND/OR CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, [NAME], [POSITION, EMPLOYER], am about to receive Highly Confidential and/or Confidential Materials ("Confidential Materials") supplied in connection with the Proceeding, 1:20-CV-09659-VSB. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of New York, that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.

                                            BY:

                                            _____
                                            Signature

                                            _____
                                            Title

                                            _____
                                            Address

                                            _____
                                            City, State, Zip

                                            _____
                                            Telephone Number